UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LISA PROPER,

                Plaintiff,                  6:10-CV-1221
                                            (GTS/DEP)

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                           OF COUNSEL:

IRWIN M. PORTNOY & ASSOCIATES, PC     IRWIN M. PORTNOY, ESQ.
  Counsel for Plaintiff
542 Union Avenue
New Windsor, New York 12550

SOC. SEC. ADMIN. OFFICE OF REG'L       JASON P. PECK, ESQ.
REGIONAL GEN. COUNSEL–REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

        Currently before the Court, in this action for Social Security disability insurance benefits,

filed by Lisa Proper ("Plaintiff") against Social Security Commissioner Michael J. Astrue

("Defendant") pursuant to 42 U.S.C. § 405(g), are the following: (1) Plaintiff's motion for

judgment on the pleadings (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings

(Dkt. No. 15); (3) the Report-Recommendation of United States Magistrate Judge David E.

Peebles, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the

Local Rules of Practice for this Court recommending that Plaintiff's motion be denied,

Defendant's motion be granted, Defendant's determination be confirmed, and Plaintiff's

Complaint be dismissed in its entirety (Dkt. No. 20); and (4) Plaintiff's Objections to the Report-

Recommendation (Dkt. No. 22).  For the reasons set forth below, Magistrate Judge Peebles'

Report-Recommendations is accepted and adopted in its entirety.

I.      RELEVANT BACKGROUND

        A.      Procedural History

        Because the parties have demonstrated in their briefs an adequate understanding of this

action's procedural history, and neither party has specifically objected to Magistrate Judge

Peebles' accurate recitation of that procedural history, the Court adopts that recitation, in this

Decision and Order, which is intended primarily for the review of the parties.  (*See generally*

Dkt. No. 17, at 7-11 [Report-Rec].)

        The Court would add only two points.  First, generally, Plaintiff's underlying application

for disability insurance benefits ("DIB") was based on her having an alleged disability consisting

of "[d]eteriorating discs in back, neck pain, [and] bone spurs in neck," which began on June 20,

2005.  (*See* Administrative Transcript ["Admin. Tr."] at 12-21, 167.)  Second, generally, in his

decision determining that Plaintiff was not disabled as defined under the Social Security Act, the

ALJ found that she did not have an impairment or combination of impairments that meet or

medically equal any of the listed, presumptively disabling impairments set forth 20 C.F.R. §

404(P)(1), and she retained the residual functional capacity ("RFC") to perform light work, with

certain exceptions.  (Admin. Tr. at 10-21.)

### B.    Parties' Briefing on Their Motions

Generally, in her brief in support of her Complaint, Plaintiff asserts the following seven arguments: (1) the ALJ failed to combine the effects of Plaintiff's impairments including pain, her inability to fully flex forward, turn her head, and her obesity, and he failed to evaluate her obesity in the manner prescribed by pertinent legal authority; (2) the ALJ erred in evaluating the medical evidence, particularly the opinions of Plaintiff's treating physician and her physical therapist; (3) the ALJ failed to explain why Plaintiff's impairments did not meet or equal the Listing of Impairments, particularly Listing 1.04; (4) the ALJ improperly evaluated Plaintiff's credibility, particularly regarding her pain limitations; (5) the ALJ erred in determining Plaintiff's RFC by failing to provide a function-by-function analysis of her impairments; (6) the ALJ erred in relying upon the inconsistent testimony of the vocational expert; and (7) Plaintiff's case should be remanded to Defendant to calculate benefits or alternatively, this case should be heard within a specified time.  (*See generally* Dkt. No. 11.)

Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of the seven above-described arguments, and argues that the Commissioner's decision should be affirmed.  (*See generally* Dkt. No. 15.)

Generally, in a reply brief, Plaintiff asserts the following six arguments: (1) the Court should reject Defendant's argument regarding the issue about the ALJ's failure to combine the effects of her impairments; (2) the Court should reject Defendant's argument regarding the weight to be given to the opinion Plaintiff's treating physician and other sources; (3) the Court should reject Defendant's argument regarding the Listing of Impairments; (4) the Court should reject defense counsel's arguments about Plaintiff's credibility; (5) the Court should reject

3

Defendant's arguments regarding the vocational testimony; and (6) the Court should reject the

Defendant's argument against using the remedy in *Butts v. Barnhart*, 388 F.3d 377, 388 (2d Cir.

2004).  (*See generally* Dkt. No. 17.)

   **C.**  **Magistrate Judge Peebles' Report-Recommendation**

   In his Report-Recommendation, Magistrate Judge Peebles recommends that Plaintiff's

motion be denied, Defendant's motion be granted, Defendant's determination be confirmed, and

Plaintiff's Complaint be dismissed in its entirety.  (Dkt. No. 20, at 39.)  More specifically,

Magistrate Judge Peebles renders the following findings and conclusions: (1) the ALJ's

determination that the cumulative effects of Plaintiff's impairments do not impair her ability to

perform work at the light and sedentary levels, with exceptions noted, was supported by

substantial evidence; (2) the ALJ correctly reviewed the medical evidence, including the treating

physician's report, and did not improperly reject as controlling any treating source entitled to

special deference and inconsistent with his RFC findings; (3) an ALJ correctly considered the

combined effects of Plaintiff's impairments, and Plaintiff has failed to show how the combined

total effects of her symptoms medically equal the Listing of Impairments under Listing 1.04; (4)

the ALJ correctly determined that Plaintiff's claims of debilitating pain are inconsistent with

objective evidence in the record; (5) the ALJ properly determined Plaintiff's RFC based on

substantial record evidence; and (6) the ALJ properly relied on the testimony of the vocational

expert, and performed the proper step analysis to determine whether Plaintiff was capable of

performing past relevant work.  (*Id*. at 16-39.)

### D.      Plaintiff's Objections to the Report-Recommendation

Generally, in her Objections, Plaintiff asserts the following seven arguments: (1) the Magistrate Judge incorrectly analyzed the issue regarding the ALJ's failure to combine the effects of all of Plaintiff's limitations, including her post-surgery symptoms; (2) the Magistrate Judge's finding that the treating physician's opinion was not well supported was outside the scope of review; (3) the Magistrate Judge erred in upholding the ALJ's determination that Plaintiff did not meet or medically equal the Listing of Impairments; (4) the Magistrate Judge erred in upholding the ALJ's credibility assessment; (5) the Magistrate Judge incorrectly analyzed Plaintiff's RFC determination; (6) the Magistrate Judge erred in upholding the ALJ's failure to perform the fourth and fifth steps of the sequential evaluation as to the vocational expert's testimony; and (7) Plaintiff's case should be remanded to the Commissioner to calculate benefits or alternatively, this case should be heard within a specified time.   (*See generally* Dkt. No. 22, Attach. 1.)

## II.     APPLICABLE LEGAL STANDARDS

### A.      Standard of Review of Magistrate Judge Peebles' Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider

evidentiary material that could have been, but was not, presented to the magistrate judge in the

first instance.[2]

      When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]    *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing Judicial Review of Defendant's Decision**

In Parts III.A. and III.B. of his Report-Recommendation, Magistrate Judge Peebles correctly recited the legal standard governing judicial review of Defendant's decision, and the five-step process for evaluating claims of disability under the Social Security Act.  (Dkt. No. 20,

---

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

at 11-16.)  As a result, those standards are incorporated by reference in this Decision and Order,

which (again) is intended primarily for the review of the parties.

## III.    ANALYSIS

As an initial matter, the Court finds that, at their core, many of the arguments asserted in

Plaintiff's Objections were previously asserted in the two exhaustive briefs that she submitted to

Magistrate Judge Peebles.  (*Compare* Dkt. No. 11 [Plf.'s Brief] *and* Dkt. No. 17 [Plf.'s Reply

Brief] *with* Dkt. No. 22 [Plf.'s Obj.].)  For example, the third argument in Plaintiff's Objections

(i.e., that the Magistrate Judge erred in upholding the ALJ's determination that Plaintiff did not

meet or medically equal the Listing of Impairments) is merely a rehashing of the third argument

in her opening brief (i.e., that the ALJ failed to explain why Plaintiff's impairments did not meet

or equal the Listing of Impairments) and the third argument in her reply brief (i.e., that the Court

should reject Defendant's argument regarding the Listing of Impairments).[6]  Similarly, the fourth

argument in Plaintiff's Objections (i.e., that the Magistrate Judge erred in upholding the ALJ's

credibility assessment) is largely (with one minor exception, discussed below) a rehashing of the

fourth argument in her opening brief (i.e., that the ALJ improperly evaluated Plaintiff's

credibility, particularly regarding her pain limitations) and the fourth argument in her reply brief

(i.e., that the Court should reject defense counsel's arguments about Plaintiff's credibility).[7]

Finally, the sixth argument in Plaintiff's Objections (i.e., that the Magistrate Judge erred in

---

[6]      (*Compare* Dkt. No. 11, at 26-28 [attaching pages "19" through "21" of Plf.'s Brief] *and* Dkt. No. 17, at 12-14 [attaching pages "7" through "9" of Plf.'s Reply Brief] *with* Dkt. No. 22, Attach. 1, at 18-19 [attaching pages "12" and "13" of Plf.'s Obj.].)

[7]      (*Compare* Dkt. No. 11, at 28-29 [attaching pages "21" and "22" of Plf.'s Brief] *and* Dkt. No. 17, at 14-16 [attaching pages "9" through "11" of Plf.'s Reply Brief] *with* Dkt. No. 22, Attach. 1, at 20-22 [attaching pages "15" through "17" of Plf.'s Obj.].)

upholding the ALJ's failure to perform the fourth and fifth steps of the sequential evaluation as to the vocational expert's testimony) is merely a rehashing of the sixth argument in her opening brief (i.e., that the ALJ erred in relying upon the inconsistent testimony of the vocational expert) and the fifth argument in her reply brief (i.e., that the Court should reject Defendant's arguments regarding the vocational testimony).[8]

As explained in Part II.A. of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.  Here, after subjecting those portions of the Report-Recommendation challenged by Plaintiff's repetitive arguments to a clear-error review, the Court finds that those portions survive that review.

In any event, even if the Court were to subject the entirety of Magistrate Judge Peebles' Report-Recommendation to a *de novo* review, the Court would find, and does find, that Magistrate Judge Peebles' thorough and correct Report-Recommendation survives that review. (Dkt. No. 20.)  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id.*)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  The Court would add only four brief points.

First, the Court respectfully rejects Plaintiff's argument that Magistrate Judge Peebles incorrectly analyzed the issue regarding the ALJ's alleged failure to combine the effects of all of

---

[8]      (*Compare* Dkt. No. 11, at 30-32 [attaching pages "23" through "25" of Plf.'s Brief] *and* Dkt. No. 17, at 16-18 [attaching pages "11" through "13" of Plf.'s Reply Brief] *with* Dkt. No. 22, Attach. 1, at 23-25 [attaching pages "18" through "20" of Plf.'s Obj.].)

Plaintiff's limitations, including her post-surgery symptoms.  For example, the Court shares

Magistrate Judge Peebles' interpretation of Plaintiff's argument as focusing principally on

Plaintiff's obesity and the limitations allegedly associated with that condition.  (*Compare* Dkt.

No. 20, at 16 [Report-Rec.] *with* Dkt. No. 11, at 19-22 [attaching pages "12" through "15" of

Plf.'s Brief] *and* Dkt. No. 17, at 8-10 [attaching pages "3" through "5" of Plf.'s Reply Brief].)

Clearly, Magistrate Judge Peebles understood the nature of her argument (as also focusing on

other impairments, including her inability to flex forward and turn her head), and evaluated it

accordingly.  (Dkt. No. 20, at 16, 18.)  Similarly, the Court rejects Plaintiff's related argument

that Magistrate Judge Peebles' incorrectly relied on *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d

Cir. 2009), and two district court cases, for the point of law that the plaintiff bears the burden to

show that her RFC is more limited than that found by the ALJ.  (Dkt. No. 20, at 35.)[9]

---

[9]      *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("[T]here is only a
limited burden shift to the Commissioner at step five. . . . [T]he Commissioner need only show
that there is work in the national economy that the claimant can do; he need not provide
additional evidence of the claimant's residual functional capacity."); *Perez v. Chater*, 77 F.3d 41,
46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first
four steps[, including the claimaint's RFC], the burden then shifts to the Secretary to prove . . .
the fifth step . . . ."); *Carroll v. Sec'y of Health and Human Svcs.*, 705 F.2d 638, 642 (2d Cir.
1983) ("The burden is on the claimant to prove that he is disabled within the meaning of the Act.
However, if the claimant shows that his impairment renders him unable to perform his past work,
the burden then shifts to the Secretary . . . ."); *Allen v. Comm'r of Soc. Sec.*, 08-CV-0650, 2010
WL 5175027, at *3 (N.D.N.Y. Dec. 14, 2010) (Hurd, J.) ("The burden of proof with regard to the
first four steps is on the claimant."); *Kirton v. Astrue*, 06-CV-4080, 2009 WL 2252092, at *6-7
(S.D.N.Y. July, 28, 2009) ("Under *Poupore*, there is only a 'limited burden shift' at step five; the
Commissioner 'need only show that there is work in the national economy that the claimant can
do . . . he need not provide additional evidence' of claimant's RFC.").  The Court notes that
Plaintiff appears to have placed too much reliance on *Schauer v. Schweiker*, in which the Second
Circuit merely explained (some 30 years ago) that, "[w]hen we speak of the burden of proof in a
social security disability benefits proceeding, . . .  we are not concerned with which party should
prevail on a given issue when there is evidence 'adequate to support' both the affirmative and the
negative of the factual proposition. Rather, we are concerned with which party should prevail
when neither the affirmative nor the negative of the proposition is supported by 'substantial

Second, the Court respectfully rejects Plaintiff's argument the ALJ never found that the May 3, 2006, progress note of Dr. Paul Spurgas (which stated, in pertinent part, that he thought Plaintiff would be unable to return to her work) was not controlling because it presented an issue properly resolved by Defendant, and thus Magistrate Judge Peebles should not have done so as a *post hoc* rationalization.  (Dkt. No. 22, Attach. 1, at 16 [attaching page "11" of Plf.'s Obj.].)  The Court finds that the ALJ did indeed reject Dr. Spurgas' progress note as a treating source report concerning symptomology, on the ground that (1) the progress note failed to include specific findings of physical examinations, and (2) the next day, he released Plaintiff for work.  *See* Admin. Tr. at 17 ("His progress notes fail to detail any specific findings of physical examinations and, on May 4, 2006, Dr. Spurgas released the claimant for work, but detailed a lifting restriction on twenty-five pounds.").

Third, the Court respectfully rejects Plaintiff's argument that the ALJ never relied on Plaintiff's lack of complaints of pain to Dr. Robert Brandis, M.D., to discredit her regarding the extent of her pain, and thus Magistrate Judge Peebles should not have done so as a *post hoc* rationalization.  (Dkt. No. 22, Attach. 1, at 22 [attaching page "17" of Plf.'s Obj.].)  The ALJ did rely on the frequency (or infrequency) of Plaintiff's complaints of pain to her medical care providers, including Dr. Brandis, to discredit her about the extent of her pain.[10]  The Court

---

evidence.'"  *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)

[10]      *See* Admin. Tr. at 18 ("Records from . . . Robert Brandis, M.D., notes that the claimant reported *intermittent* back pain. . . .  Then, in April 2007, she reported her lower back only aches *from time to time*. . . .  The claimant's allegations of disabling subjective symptomatology have been fully considered . . . .  Consideration has been provided to the . . . *persistence* . . . of the alleged symptoms, . . . [and] the . . . *frequency* . . . of the pain . . . .  Given the overall lack of medical evidence supporting the allegations . . . the claimant is found to be *only somewhat credible*.") [emphasis added].

reaches a similar conclusion with regard to Plaintiff's argument that the ALJ never relied on the findings of Judith Bodnar, M.D. (regarding Plaintiff's ability to sit for six hours in an eight-hour work day), to discredit her regarding the extent of her pain (Dkt. No. 22, Attach. 1, at 22 [attaching page "17" of Plf.'s Obj.]); again, the ALJ did rely on that evidence for such a purpose.[11]

Fourth, the Court respectfully rejects Plaintiff's argument that Magistrate Judge Peebles' misinterpreted her RFC argument (which was allegedly presented on pages 12 through 15 of her opening brief, and pages 3 through 5 of her reply brief) as being "centered upon alleged restrictions on her ability to sit."  (Dkt. No. 22, Attach. 1, at 22 [attaching page "17" of Plf.'s Obj.].)  Plaintiff's RFC argument was, at significant part, presented on pages 22 and 23 of her opening brief, which did in fact center on Plaintiff's ability to sit.  (Dkt. No. 11, at 29-30 [attaching pages "22" and "23" of Plf.'s Brief].)  Furthermore, Plaintiff's argument that Magistrate Judge Peebles' focus on her sitting ignored her other impairments is undermined by her prior argument (discussed above) that he focused too much on her obesity.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 20) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

---

[11]        *See* Admin. Tr. at 17 ("Dr. Bodnar opined that the claimant is capable of sitting . . . for six hours in an eight-hour workday . . . .  The claimant's allegations of disabling subjective symptomatology have been fully considered . . . .  Consideration has been provided to the . . . *limiting effects* of the alleged symptoms, the *medical opinions*, . . . [and the] *duration* . . . of the pain . . . .  Given the overall lack of medical evidence supporting the allegations . . . the claimant is found to be *only somewhat credible*.") [emphasis added].

**DENIED**; and it is further


      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is

**GRANTED**; and it is further

      **ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it

is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 30, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge